IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHASTA CASEY HOWELL,

                Plaintiff,

v.

STATE OF WISCONSIN, ROCK COUNTY CHILD
PROTECTION SERVICES, ROCK COUNTY
SHERIFF'S DEPARTMENT, GREEN COUNTY
SHERIFF'S DEPARTMENT, CITY OF BRODHEAD
POLICE DEPARTMENT, CITY OF BELOIT POLICE
DEPARTMENT, CITY OF JANESVILLE POLICE
DEPARTMENT, CITY OF MILTON POLICE
DEPARTMENT, VILLAGE OF JOHNSON CREEK
POLICE DEPARTMENT, STATE OF WISCONSIN
SUPREME COURT, WISCONSIN APPELLATE
COURT, ROCK COUNTY CIRCUIT FAMILY
COURT, ROCK COUNTY CIRCUIT CRIMINAL
COURT, ROCK COUNTY PROBATE DEPARTMENT,
GREEN COUNTY CIRCUIT COURT, MILTON
MUNICIPAL COURT, BELOIT MUNICIPAL COURT,
LAKE COUNTY MUNICIPAL COURT, GENERAL
MOTORS CORPORATION, BLACKHAWK CREDIT
UNION, ST. MARY'S HOSPITAL and MERCY
HEALTH SYSTEM,

                Defendants.

OPINION and ORDER

23-cv-711-wmc

---

Plaintiff Shasta Howell, who is representing herself, has filed another lawsuit in which she seeks to sue individuals and governmental entities involved in various state court criminal and family court proceedings. However, as plaintiff has been instructed in numerous other cases in which she raised similar claims, this court does not have subject matter jurisdiction over claims seeking to challenge state court proceedings and decisions. *See Howel v. Bates, et al.*, No. 20-cv-925-wmc (W.D. Wis. Sept. 8, 2022); *Howell v. Wisconsin Dep't of Children and Family*, No. 19-cv-732-wmc (W.D. Wis. Sept. 15, 2020); *Howell v. Rock Cnty.*, No. 19-cv-733-wmc

(W.D. Wis. Sept. 15, 2020); *Howell v. Bates*, No. 19-cv-754-wmc (W.D. Wis. Sept. 15, 2020); *Mally v. Bates*, No. 19-cv-755-wmc (W.D. Wis. Sept. 15, 2020); *Howell v. Dewey*, 817 F. App'x 268, 270 (7th Cir. Aug. 19, 2020) (affirming dismissal of two other cases challenging those same proceedings, Case Nos. 19-cv-415-wmc and 19-cv-468-wmc, but modifying judgment to reflect dismissal for lack of subject matter jurisdiction); *Mally v. Bates*, No. 20-cv-437-wmc (W.D. Wis. Mar. 16, 2021). Thus, to the extent that plaintiff is seeking to challenge any state court decisions or proceedings, the court will dismiss those claims for lack of subject matter jurisdiction.

To the extent plaintiff is intending to bring some other type of claim, those claims will be dismissed for her failure to state a claim upon which relief may be granted because her allegations are incomprehensible and consist largely of vague accusations of abuse by a variety of individuals and entities. None of the allegations support any federal claim for relief.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED without prejudice for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to close this case.

Entered February 16, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge